## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| COOSEMANS DENVER, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAKHRA MUSHROOM FARM CORP., a corporation; NARESH VASHIST, an individual; SUDHESH GAMBIR, an individual; KIRANJIT SIKAND, an individual; KARMJIT SAHL, an individual; BALJIT NANDA, an individual; SARABJIT JASPAL, an individual,<br><br>Defendants. | **CIVIL ACTION COMPLAINT**<br><br>Case No. |

Plaintiff COOSEMANS DENVER, INC., a corporation, complains and alleges as follows:

### I.

### JURISDICTION AND VENUE

1.  This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2.  Plaintiff COOSEMANS DENVER, INC. ("Coosemans" or "Plaintiff") is and during all times herein has been a corporation organized and doing business under the laws of the State of Colorado, with its principal place of business in the City of Denver, State of Colorado.

3.  Plaintiff is informed, believes and thereon alleges that Defendant RAKHRA MUSHROOM FARM CORP. ("Rakhra") is and during all times relevant herein was a

1

corporation with its principal business address of 10719 Road 5 South, Alamosa, Colorado 81101.

4.      Plaintiff is informed, believes and thereon alleges that Defendant NARESH VASHIST ("NV"), is an individual who during all times material herein was an officer, director, and/or shareholder of Rakhra, and who maintained a principal place of business located in the City of Alamosa, State of Colorado.

5.      Plaintiff is informed, believes and thereon alleges that Defendant SUDHESH GAMBIR ("SG"), is an individual who during all times material herein was an officer, director, and/or shareholder of Rakhra, and who maintained a principal place of business located in the City of Alamosa, State of Colorado.

6.      Plaintiff is informed, believes and thereon alleges that Defendant KIRANJIT SIKAND ("KS"), is an individual who during all times material herein was an officer, director, and/or shareholder of Rakhra, and who maintained a principal place of business located in the City of Alamosa, State of Colorado.

7.      Plaintiff is informed, believes and thereon alleges that Defendant KARMJIT SAHL ("KAS"), is an individual who during all times material herein was an officer, director, and/or shareholder of Rakhra, and who maintained a principal place of business located in the City of Alamosa, State of Colorado.

8.      Plaintiff is informed, believes and thereon alleges that Defendant BALJIT NANDA ("BN"), is an individual who during all times material herein was an officer, director, and/or shareholder of Rakhra, and who maintained a principal place of business located in the City of Alamosa, State of Colorado.

9. Plaintiff is informed, believes and thereon alleges that Defendant SARABIT JASPAL ("SJ"), is an individual who during all times material herein was an officer, director, and/or shareholder of Rakhra, and who maintained a principal place of business located in the City of Alamosa, State of Colorado.

10. NV, SG, KS, KAS, BN and SJ are referred to collectively herein as "the Individual Defendants."

11. Rakhra and the Individual Defendants are referred to collectively herein as "Defendants."

12. Plaintiff is informed, believes and thereon alleges that the Individual Defendants are and at all times material herein were an insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during times relevant herein were responsible for the daily management and control of Rakhra and who are and during relevant times herein were a statutory trustees under the PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Rakhra)

13. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12 inclusive, of this Complaint as though fully set forth herein.

14. At all times relevant herein, Rakhra was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

3

15. Between on or about October 25, 2011 and December 27, 2011, in a series of transactions, Plaintiffs sold and shipped perishable agricultural commodities to Defendant Rakhra at said Defendant's request, for which said Defendant agreed to pay Plaintiff in the principal amounts at least as great as the sum of $48,560.00.

16. At or about the date of each transaction described above, Plaintiff forwarded to Defendant Rakhra invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities.

17. Plaintiff has repeatedly demanded that Defendant Rakhra pay the amounts due and owing under the invoices, totaling at least $48,560.00. However, said Defendant had failed and refused and continues to fail and refuse to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

18. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

19. As a direct and proximate result of the failure of Defendant Rakhra to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the amount of at least $48,560.00, plus recoverable attorney's fees and interest at the highest legal rate.

### III.

### SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

20. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 19, inclusive of this Complaint as though fully set forth herein.

21. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

22.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

23.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became beneficiaries of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

24.     Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff are informed and believe and thereon allege that Plaintiff have performed and fulfilled all duties required to preserve their trust benefits in the cumulative amount of at least $48,560.00 as separately set forth above, for the perishable agricultural commodities sold to Defendant Rakhra, all of which remains past due and unpaid.

25.     Plaintiff is informed and believes for the reasons alleged herein above, that Defendants and each of them are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46

(1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

26.     Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

27.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $48,560.00, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

**IV.**

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)**

28.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth herein.

29.     Plaintiff has repeatedly demanded that Defendants pay the amount due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands,

Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

30. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of $48,560.00 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and interest in amounts to be determined.

V.

## FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty to PACA Trust Beneficiary Against All Defendants)**

31. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth herein.

32. At all times relevant to this action, the Individual Defendants were officers, directors and/or shareholders of Defendant Rakhra.

33. As controlling shareholders, officers and/or directors of Defendant Rakhra, the Individual Defendants had a duty to ensure that they and Defendant Rakhra fulfilled their duties as PACA trustees, and that they and Rakhra maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

34. The Individual Defendants had full knowledge and responsibility for the handling

of Defendant Rakhra's duties as trustee of the PACA trust.

35. The Individual Defendants controlled or had a duty to control the operations and financial dealings of Defendant Rakhra, including those involving the PACA Trust Assets.

36. The Individual Defendants and Rakhra each breached their fiduciary duties to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

37. The Individual Defendants breached their fiduciary duties to direct Defendant Rakhra to fulfill its duties as PACA trustees to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the produce sold to Defendant Rakhra.

38. As a direct and proximate cause and result of Defendants Rakhra's and the Individual Defendants' breach of fiduciary duties, Plaintiff has incurred damages in the amount of $48,560.00 as set forth above, plus recoverable finance charges and attorneys' fees, all of which qualifies for protection under the PACA trust.

39. The Individual Defendants are personally liable to Plaintiff for breaching their fiduciary duties in dissipating the PACA trust to the extent of $48,560.00, plus recoverable finance charges interest and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets.

## VI.

## FIFTH CAUSE OF ACTION

### (For Injunctive Relief and/or Temporary Restraining Order – As Against All Defendants)

40. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

41. Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§ 499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products

8

derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

42. On numerous occasions Plaintiff has demanded via written notice and telephone calls that Defendant pay the balances due to Plaintiff in the amounts alleged herein but Defendant Greenhouse has failed and refused, and continues to fail and refuse, to remit payment to Plaintiffs for the perishable agricultural commodities it received.

43. Based upon the following information, Plaintiff believes and thereon alleges that Defendant Rakhra is failing to pay its undisputed debts, including Plaintiff's PACA trust debt which is the subject of this complaint, as those debts become due. Plaintiff is further informed and believe, and thereon allege, that as a result of this failure, the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained from further dissipation by order of this Court.

A. Defendants have on several occasions admitted that the produce which is the subject of this lawsuit was received by Defendant in the ordinary course of business and that the balance due as alleged herein is correct;

B. Defendants have admitted that Defendant Rakhra is not able to fully and timely pay the undisputed amounts due as alleged because said Defendant does not have enough money to do so and will not be able to timely pay these undisputed invoices because Defendant does not have sufficient cash to do so.

C. Defendant Rakhra has repeatedly issued checks to Plaintiff as partial payment which have been returned unpaid after first presentation for payment due to lack of sufficient funds.

44. Pursuant to the terms of the statutory trust herein alleged, and pursuant to Defendants' fiduciary duties owed to Plaintiff, Defendants owed a duty to transfer to Plaintiff sums owed to Plaintiff for the produce shipments which are the subject of this complaint.

45. Plaintiff is informed and believes and thereon alleges that Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiff either to

themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

46. If such diversion of assets is allowed to continue, Plaintiff will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiff will be unable to pay its own creditors from whom the produce shipped to Defendants was purchased. Moreover, Plaintiff and other creditors of Plaintiff, *a substantial number of which* are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

47. Therefore, Plaintiff will request that this Court enter an *ex parte* order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust. In the alternative, Plaintiff request that this Court enter a temporary restraining order directing that Defendants, Defendants' partners, officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets pending a hearing on the Plaintiffs' Application for Injunctive Relief.

48. Plaintiff is informed and believes and thereon alleges that Defendants will not be damaged or injured in any way by the requested relief because the assets they hold are due and owing to Plaintiff. Further, to the extent the assets are secured by the PACA trust, such assets rightfully belong to Plaintiff and are held in trust by Defendants for the benefit of Plaintiff.

## VII.

### SIXTH CAUSE OF ACTION

**(For Unjust Enrichment - As Against All Defendants)**

49. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 48, inclusive, of this Complaint as though fully set forth herein.

50. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the principal amount of at least $48,560.00 for Plaintiff.

51. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

52. As a direct and proximate result of the wrongful conversion or retention of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the principal amount of at least $48,560.00, plus interest at the highest legal rate, plus attorneys' fees and costs, all of which qualify for protection under the PACA trust.

## VIII.

## SEVENTH CAUSE OF ACTION

### (For Declaratory Relief - As Against All Defendants)

53. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 52, inclusive, of this Complaint as though fully set forth herein.

54. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

55. Plaintiff seeks an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff are beneficiaries. Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

56. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust

funds necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## IX.

## EIGHTH CAUSE OF ACTION

### (Reimbursement of Attorneys' Fees, Costs and Interest and/or Finance Charges)

57. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 56, inclusive, of this Complaint as though fully set forth herein.

58. Defendants and each of them were required to maintain the PACA trust and to make full payment promptly to Plaintiff for the sums due under the trust as set forth herein.

59. As a result of Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiff, Plaintiff has been required to pay attorneys' fees and costs to bring this action and to enforce its PACA trust rights against Defendants, thereby losing use of said money.

60. Plaintiff will not receive full payment as required under PACA to the extent Plaintiff must expend sums on attorneys' fees and costs incurred with enforcing their PACA trust rights against Defendants herein.

61. Plaintiff's invoices, issued as confirmation of the sales agreements that are the subject of this complaint, contain written provisions providing for recovery of finance charges and/or interest at the rate of 1.5% per month, or 18% per annum, on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of all sales agreements between Plaintiff and Rakhra, and are sums owing in connection with the produce sales that are the subject of this action.

62. Plaintiff's invoices described above also contain written provisions providing for recovery of costs and attorneys' fees, which provisions were bargained-for terms of all sales agreements between Plaintiff and Rakhra, and are sums owing in connection with the produce

sales that are the subject of this action.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION

### (For Breach Of Contract)

1. For damages in the cumulative amount of $48,560.00 as against Defendant Rakhra, in the combined amount set forth herein;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined amount of $48,560.00 as against Defendants;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

1. For damages in the combined amount of $48,560.00 as against Defendants;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $48,560.00 as against Defendants, jointly and severally;

3. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiffs; and,

4. For attorney's fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty to PACA Trust Beneficiary Against All Defendants)

1. For damages in the cumulative amount of $48,560.00;

2. For Interest and or finance charges thereon at the highest legal rate allowed by law from the date the obligation became due and owing to Plaintiff;

3. For attorneys' fees as deemed reasonable by this Court, and,

4. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Injunctive Relief; Temporary Restraining Order – As Against All Defendants)

1. For an accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2. For interest at the contractual rate of 18% per annum, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

3. For additional service charges and other charges pursuant to the written invoices between the parties; and

4. For such other and further relief as the court may deem just and proper.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment - As against all Defendants)

1.  For damages in the cumulative amount of $48,560.00;

2.  For interest at the contractual rate of 18% per annum, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

3.  For additional service charges and other charges pursuant to the written invoices between the parties; and

4.  For such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION

### (For Declaratory Relief -As against all Defendants)

1.  For a declaratory judgment establishing that:

    (a)   The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

    (b)   The Plaintiffs' trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

    (c)   Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2.  For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the principal sum of at least $48,560.00;

3.  For interest thereon at the contractual rate of 18% per annum, or at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs;

4. For additional service charges and other charges pursuant to the written invoices between the parties; and

5. For such other and further relief as this Court deems proper.

## EIGHTH CAUSE OF ACTION

**(For Reimbursement of Attorneys' Fees, Costs and Interest and/or Finance Charges)**

1. For attorney's fees and costs as deemed reasonable by this Court; and,

2. For interest at the rate of 18% per annum from the date the obligation became due and payable to Plaintiffs; and,

3. For such other and further relief as the Court deems proper.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: January 5, 2012        By:   /s/  R. Jason Read
                                    R. JASON READ
                                    Ca. Bar No. 117561
                                    Admitted to Practice in District of Colorado
                                    4100 Newport Place Drive, Suite 700
                                    Newport Beach, CA 92660
                                    Tel:  949-752-2911
                                    Fax:  949-752-0953
                                    jason@rjlaw.com

                                    EILEEN LERMAN
                                    Co. Bar No. 7644
                                    LERMAN & ASSOCIATES, P.C.
                                    815 E. 17th Ave.
                                    Denver, CO 80218
                                    Tel: 303-394-3900
                                    Fax: 303-322-4005
                                    Eileen@lermanpc.com

                                    Attorneys for Plaintiff
                                    COOSEMANS DENVER, INC.