IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0035-WJM-CBS

COOSEMANS DENVER, INC.,

    Plaintiff,

v.

RAKHRA MUSHROOM FARM CORP.,
NARESH VASHIST,
SUDHESH GAMBIR,
KIRANJIT SIKAND,
KARMJIT SAHL,
BALJIT NANDA, and
SARABJIT JASPAL

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND ADMINISTRATIVELY CLOSING CASE PENDING BANKRUPTCY**

---

Plaintiff Coosemans Denver, Inc. brings this action against Defendants Rakhra Mushroom Farm Corp., Naresh Vashist, Sudhesh Gambir, Kiranjit Sikand, Karmjit Sahl, Baljit Nanda, and Sarabjit Jaspal alleging violations of the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499 *et seq*.  (ECF No. 1.)  On January 5, 2012, contemporaneous with the filing of Plaintiff's Complaint, Plaintiff filed an *Ex Parte* Application for Temporary Restraining Order or, Alternatively, for Preliminary Injunction ("TRO").  (ECF No. 2.)  The Application sought to enjoin Defendants from dissipating the assets in the statutory trust created by PACA.  (*Id*. at 3.)

The Court entered an Order requiring Defendant to Show Cause not later than January 13, 2012 as to why Plaintiff's Application should not be granted. (ECF No. 7.) On January 12, 2012, Defendant Rakhra Mushroom Farm ("Rakhra") filed a Suggestion of Bankruptcy stating that it filed a Chapter 11 petition for bankruptcy the same day. (ECF No. 9.) The Court discharged the Order to Show Cause based on the bankruptcy filing. (ECF No. 11.) However, the TRO remains pending.

To prevail on a motion for injunctive relief, amongst other things, the movant must establish he will suffer irreparable injury if the injunction is denied. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). "[A] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Heiderman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Plaintiff has only served notice of this action and the pending TRO on Rakhra. (ECF No. 14 at 2.) It has chosen to delay serving any of the individual Defendants as their liability on the debt is secondary to Rakhra's and Plaintiff believe its claim may be paid out of Rakhra's bankruptcy assets. (*Id.*) Because the TRO has been pending for over four months and the only party on whom the TRO has been served is in bankruptcy, the Court finds that Plaintiff has not shown an imminent injury that would

necessitate injunctive relief.  Accordingly, Plaintiff's *Ex Parte* Application for Temporary Restraining Order or, Alternatively, for Preliminary Injunction (ECF No. 2) is DENIED without prejudice to refiling if and when Plaintiff decides to pursue this action against the remaining Defendants.

Additionally, United States Magistrate Judge Craig B. Shaffer has been actively monitoring this case by ordering the parties to file regular status reports to the Court on the pending bankruptcy proceedings.  (ECF Nos. 14 & 16.)  To avoid the burden on counsel of filing periodic status reports, and the burden on the Court in monitoring this dormant action, the Court finds that administrative closure would be a better use of resources.  Accordingly, the Court ORDERS that the above-captioned action is ADMINISTRATIVELY CLOSED pursuant to D.C.COLO.LCivR 41.2.  The parties are GRANTED leave to move to reopen the case, if necessary, upon a showing of good cause once Defendant Rakhra Mushroom Farm's bankruptcy is complete and all related issues have been resolved.

Dated this 23rd day of April, 2012.

BY THE COURT:

William J. Martinez
United States District Judge